

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| BRUCE JENSEN,<br><br>Plaintiff,<br><br>vs.<br><br>FARMERS INSURANCE EXCHANGE,<br><br>Defendant. | Civ. 11-4099<br><br><br><br>COMPLAINT |

Bruce Jensen, for his causes of action against Farmers Insurance Exchange, states and allege as follows:

### THE PARTIES

1. Bruce Jensen ("Jensen") is a resident of Yankton County, South Dakota.

2. Farmers Insurance Exchange ("Farmers") is an insurance company organized under the laws of a state other than South Dakota with its home office and principal place of business in Kansas or a state other than South Dakota.

### JURISDICTION

3. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332 in that the parties are citizens of different states and the amount in controversy exceeds the sum of $75,000.

### FACTS

4. On January 30, 2009, Jensen was struck by a motor vehicle being operated in a negligent manner by Zhanna Sherwood ("Sherwood"), (hereinafter "the collision").

5. Jensen was without fault in the collision.

6. As a proximate result of the collision, Jensen suffered injuries which resulted in medical treatment and which caused him to incur medical bills.

7. As a proximate result of the collision, Jensen suffered injuries which caused physical pain and suffering.

8. As a proximate result of the collision, Jensen suffered injuries which prevented him from enjoying life as he did before the collision.

9. As a proximate result of the collision, Jensen suffered injuries which are permanent and disabling.

10. As a proximate result of the collision, Jensen suffered injuries which will require medical treatment in the future and which will cause him to incur medical bills in the future.

11. As a proximate result of the collision, Jensen suffered injuries which will cause physical pain and suffering in the future.

12. As a proximate result of the collision, Jensen suffered injuries which will prevent him in the future from enjoying life as he did before the collision.

13. Jensen brought a claim against Sherwood as a result of the collision.

14. Jensen settled his claim against Sherwood for $25,000, which represented Sherwood's insurance policy limit and thus was the best settlement that could be reached with her.

15. At the time of the collision, Jensen was covered by a policy of automobile insurance he purchased from Farmers; the premiums for the policy were current; the coverage was in full force and effect; and the policy provided Underinsured Motorist Benefits with policy limits of $100,000.

16. Jensen informed Farmers of the motor vehicle collision with Sherwood in a timely manner.

17. Farmers was given notice of the pending settlement with Sherwood and declined to either intervene in the claim or substitute its payment for that ultimately paid on behalf of Sherwood.

18. Both while the claim against Sherwood was pending and later, Farmers was provided evidence tending to prove Sherwood was negligent as well as evidence tending to prove the nature and extent of Jensen's damages.

19. The evidence Farmers was provided included the police incident report, medical records and bills, doctor opinion letters, witness letters and other documents and information.

20. After settlement of the claim against Sherwood, Jensen submitted a claim for Underinsured Motorist Benefits to Farmers.

21. The amount of money that will fairly and reasonably compensate Jensen for his loss exceeds $75,000.

22. Farmers constructively denied Jensen's claim by offering a sum of money that was and remains unsupported by the evidence of damages submitted.

## COUNT 1 - BREACH OF CONTRACT

23. Jensen realleges the facts set forth in the preceding paragraphs.

24. Farmers has breached its contract of insurance by failing to pay the Underinsured Motorist Benefits to which Jensen has shown he is entitled.

## COUNT 2 - BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

25. Jensen realleges the facts set forth in the preceding paragraphs.

26. Farmers has breached its duty of good faith and fair dealing to Jensen in the following respects, among others:

    a. Failing to thoroughly investigate Jensen's claim;

    b.    Failing to objectively investigate Jensen's claim;

    c.    Failing to objectively evaluate Jensen's claim;

    d.    Ignoring evidence which supports Jensen's claim;

    e.    Failing to diligently search for and to consider evidence that supports Jensen's claim;

    f.    Attempting to settle Jensen's claim for an unreasonably low amount;

    g.    Failing to treat Jensen's interests with equal regard to its own interests; and

    h.    Otherwise failing to fulfill its duty of good faith and fair dealing with Jensen.

27.    As a proximate result of Farmers' breach of its duty of good faith and fair dealing, Jensen has suffered damages in an amount to be proven at trial, including but not limited to the compensation his is entitled to under the Underinsured Motorist Benefits provision of his insurance policy. Jensen has also suffered damages in the form of anxiety, frustration and worry as a result of Farmers' breach of its duty of good faith and fair dealing.

28.    Farmers' actions have been taken with wanton or reckless disregard of Jensen's rights, entitling him to punitive damages in an amount that will punish Farmers for breaching the duty of good faith and fair dealing and that will act as an example and deter Farmers and other insurance companies from similar conduct.

29.    Farmers' actions have been vexatious or without reasonable cause, entitling Jensen to reasonable attorney fees.

WHEREFORE Jensen respectfully requests judgment against Farmers as follows:

1.    For his special and general damages in an amount to be proven at trial;

2.    For punitive damages in an amount to be proven at trial;

3. For attorney's fees pursuant to SDCL 58-12-3;

4. For interest and the costs of this action as provided by law; and

5. For such other and further relief as the Court deems just and equitable.

Dated this 14th day of July, 2011.

          CUTLER & DONAHOE, LLP
          Attorneys at Law

          *William D. Sims*

          William D. Sims
          Michael D. Bornitz
          100 North Phillips Ave., 9th Floor
          PO Box 1400
          Sioux Falls, SD 57101-1400
          Telephone: (605) 335-4950
          Facsimile: (605) 335-4966
          Email: WilliamS@cutlerlawfirm.com
                 MikeB@cutlerlawfirm.com
          Attorneys for Plaintiff

**PLAINTIFF DEMANDS TRIAL BY JURY**